■ CLIFFORD J. HUNT, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 64458.)—Order and judgment unanimously reversed, on the law, with costs, and motion denied. Memorandum: In 1974 the State appropriated the fee to a portion of claimant's property as well as a temporary easement upon which it built an access road for use as a highway detour and driveway. The temporary easement was abandoned on January 23, 1976. In considering the damage claim for the temporary easement, the Court of Claims found that the access road destroyed the utility of the temporary easement area and rendered the land worthless and that the diminution in market value was less than the cost to restore the property to its former state. Damages were computed in the same manner as the damages for the direct taking and the usual measure of damages for a temporary taking was not employed, i.e., the reasonable rental value of the land area utilized, plus the lesser of the diminution of land value or the cost of cure since the court considered "the taking of the temporary easement * * * equivalent to a de facto taking." In August 1979, after the State appropriated in fee the portion of claimant's property that had been previously subject to the temporary easement, claimant again sought damages which he particularized in the sum of $125,000. The State moved for an order for summary judgment dismissing the claim or, in the alternative, for an award of nominal damages. The court found that the claimant had been paid the full market value of the property in connection with the temporary taking and awarded nominal damages in the sum of $1 for the de jure appropriation. We reverse.

Nominal damages imply the existence of actual damages. However, claimant was denied the opportunity to prove the value of the parcel at the time of the State's appropriation. Moreover, summary judgment is unwarranted since full title to the property was vested in claimant until 1979 and a triable issue of fact exists as to the value of the premises and whether claimant was damaged by the fee appropriation at that time. (Appeal from order and judgment of Court of Claims, McMahon, J.—appropriation.) Present—Denman, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.